**Eugene WILLHAM, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI [*], Acting Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 99–35795.

D.C. No. CV 98–06184–JPC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2001.

Decided July 25, 2001.

---

[*] Larry G. Massanari, is substituted for his predecessor, as Acting Commissioner of the So-

cial Security Administration. Fed. R.App. P. 43(c)(2).

Before GOODWIN, GREENBERG,[**] and RAWLINSON, Circuit Judges.

### MEMORANDUM [***]

Eugene Willham appeals a judgment affirming the Commissioner of Social Security's final decision that Willham was not disabled as defined by the Social Security Act, and not entitled to a period of disability or disability insurance benefits pursuant to Title II of the Social Security Act. We affirm.

Willham filed an application for Supplemental Security Income (SSI) benefits (Title XVI benefits) with a protective filing date of June 16, 1988, alleging that he had been disabled beginning May 29, 1988. Willham sustained a serious head injury when he hit a tree while riding his bicycle drunk on May 25, 1988. The injury caused a neurological impairment, manifested by difficulty with speech and motor activity. An administrative law judge (ALJ) approved the application on December 8, 1988, finding that Willham was disabled beginning June 1, 1988, due to a neurological impairment, which met the criteria for Listing 11.18 of the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P, app. 1. The agency subsequently suspended Willham's SSI benefits on July 29, 1991, and terminated them effective July 1992, due to excess income following an award of veterans benefits. *Id.*

On August 20, 1992, Willham filed an application for disability insurance (Title II) benefits, alleging disability since January 1, 1977, due to alcoholism and post-traumatic stress disorder. Unless Willham is awarded a period of disability based on his pre-May 28, 1988 alcoholism, his insured status will be deemed expired on June 30, 1985, and he will not be covered for Title II purposes. But if Willham is awarded a period of disability based on his pre-May 1988 limitations, his insured status will be extended beyond May 28, 1988, and he will qualify for Title II disability benefits.

Willham's initial application was denied, and Willham timely requested a rehearing. On October 7, 1993 the ALJ determined that Willham was entitled to disability insurance benefits from January 1, 1977 to August 1, 1992, with entitlement to disability insurance benefits ending two months thereafter. On June 16, 1994, Willham requested review. The Appeals Council accepted review and, on September 20, 1995, remanded the decision to the present ALJ, Stephen Kramer, to consider treating Willham's June 16, 1988 application as either a reopening and/or an unadjudicated application for disability insurance benefits. The ALJ issued a decision granting re-opening and/or treatment of the June 16, 1988 application as an unadjusted application for Title II disability insurance benefits, and found that the application was subject to being reopened pursuant to Social Security Ruling 91–5p and Acquiescence Ruling 92–7(9). The ALJ observed that "[t]he law has significantly changed" with the amendment to the Social Security Act enacted by Public L. 104–121 in March, 1996. Under the amendment, "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would … be a contributing factor material to the Commissioner's determination that the individual is disabled." Pub.L. No. 104–121, § 105(a)(1)(C), 110 stat. 847, 852 (1996) (amending 42 U.S.C. § 423(d)(2)).

---

[**] The Honorable Morton I. Greenberg, United States Circuit Judge for the Third Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The ALJ then found that Willham was not entitled to a period of disability or to disability insurance benefits within the meaning of the Act because, for the period prior to May 28, 1988, alcoholism was a contributing factor material to the determination of Willham's disability. Under P.L. 104–121, Willham was therefore not eligible for an allowance. The ALJ found that absent limitations imposed by Willham's alcoholism, his impairments did not preclude him from returning to his past relevant work as a dishwasher, general laborer, or ranch hand. *Id. See* 20 C.F.R. § 404.1520(e) (providing that if a claimant can perform his past relevant work, then the ALJ must find the claimant "not disabled").

■ The principal issue on appeal is whether Willham's claim is barred by the "significantly changed" law following the amendment enacted by Pub.L. No. 104–121 in March, 1996. Willham argues that the Commissioner's application of Pub.L. No. 104–121 to his claim gives the statute an impermissible retroactive effect.

■ The law applicable to Willham's claim was recently applied to similar facts in the case of *Ball v. Massanari*, 254 F.3d 817 (9th Cir.2001) which controls this case. In *Ball*, we held that (1) the Commissioner's application of the 1996 amendments to claims still pending before the agency or in federal court on March 29 gave Pub.L. No. 104–121 a retroactive effect; (2) but the plain language of the statute indicates that Congress favored this result. *Id.* at *2. In this light, Willham was not entitled to a period of disability or to disability insurance benefits within the meaning of the Act because, for the period prior to May 28, 1988, alcoholism was a contributing factor material to the determination of Willham's disability. Under P.L. 104–121, Willham was therefore not eligible for an allowance. Indeed, the ALJ found, on un-

disputed evidence, that absent limitations imposed by Willham's alcoholism, his impairments did not preclude him from returning to his past relevant work as a dishwasher, general laborer, or ranch hand. *Id. See* 20 C.F.R. § 404.1520(e).

Because the district court affirmed the final decision of the Commissioner, and its judgment was free from error. It is

AFFIRMED.